### UNITED STATES BANKRUPTCY COURT
### FOR THE EASTERN DISTRICT OF VIRGINIA
### RICHMOND DIVISION

IN RE: THERESA B. ROMAN       Case No. 05-31472-DOT
  Chapter 13 Debtor

### **MEMORANDUM OPINION**

In this Chapter 13 case, debtor's attorney filed an application for supplemental fees in the amount of $1,620.00. The court finds that much of counsel's charge is based on routine services for which a supplemental fee may not be allowed and will reduce the fee to $750.00.

A review of the court's standards for allowing supplemental fees will be helpful. Rule 2016-1(C)(5) of the Local Rules of this court effectively provides a base chapter 13 attorney fee of $1,500.00, without the necessity for a hearing.[1] In addition, the court has typically allowed chapter 13 debtor's counsel supplemental fees for non-routine services that are not reasonably covered in the base fee and after the attorney's time charges total $1,500.00. Although, it is rare that an objection is filed to the allowance of a supplemental fee, the court has an independent duty to review professional compensation awards under the standards prescribed by Judge Shelley in In re Great Sweats, Inc., 113 B.R. 240, 242 (Bankr. E.D.Va. 1990).

Routine charges usually include those made before the debtor's § 341 meeting but may also include subsequent charges. It depends on the complexity of the case. The most usual non-routine attorney services relate to objections to confirmation and motions for relief from stay. In all events, it is important that a counsel's supplemental fee request demonstrate why any charge is not routine. Also, the extent to which a problem should have been anticipated by counsel is considered by the court, as for example, where counsel should have foreseen the necessity for a

---

[1] Of course, under some circumstances the court might require a hearing and reduce the fee below $1,500.00.

plan modification.

The court requires attorneys requesting supplemental fees to include with their applications a schedule of all hours charged by the attorney in the case. As the court has previously held, when additional fees are sought the attorney must demonstrate that the total fee in the case is reasonable in light of all circumstances. See In re Harris, No. 96-36765-T, 1998 WL 408896, at *2 (Bankr. E.D. Va. Apr. 14, 1998)(unpublished opinion available on court internet site); see 11 U.S.C. § 330(a)(3) and (a)(4)(B).

Finally, it is not unusual for the court to reduce a supplemental fee request because the total charges are simply excessive for the services rendered and in the overall view of the case. At the same time, because the review of an attorney's allowable time charges necessarily involves some guess-work, the court allows counsel latitude and does not attempt to calculate a fee to the last penny.

Here, counsel's application complies in form with the court's guidelines for supplemental fee requests as it sets out his supplemental charges by category of service. However, some of his services appear to be routine, and others are vaguely described. Routine services disclosed in the application include those related to state court civil actions pending at the time the case was filed, determination of mortgage arrearages, and review of proofs of claim. Services related to lien avoidance may also be routine unless there are exceptional circumstances.The charges for these services are well over half the requested supplemental fee.

Considering that much of counsel's charges are for routine services, a supplemental fee will be allowed in this case in the amount of $750.00. A separate order will be entered.

Signed: _____

      /s/ Douglas O. Tice Jr.
DOUGLAS O. TICE JR.
CHIEF UNITED STATES BANKRUPTCY JUDGE

Copies to:

Theresa B. Roman
P.O. Box 29044
Richmond, Virginia 23233
Debtor

Neal O. Reid, Esquire
4914 Radford Avenue, Suite 100
Richmond, Virginia 23230
Counsel for Debtor

Carl M. Bates, Esquire
P.O. Box 1819
Richmond, Virginia 23218-1819
Chapter 13 Trustee

Leander D. Barnhill, Esquire
Office of the United States Trustee
600 E. Main Street, Suite 301
Richmond, Virginia 23219
Assistant United States Trustee